UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SILVIA MANUEL F/K/A SILVIA CARACHURE, <br> *Plaintiff* | § § § § § § | |
| v. | § § | |
| PROCOLLECT, INC., <br> *Defendant* | § § § § § | CASE NUMBER:  1:21-cv-00042 <br><br> DEMAND FOR JURY TRIAL |

**PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Silvia Manuel F/K/A Silvia Carachure ("Plaintiff" or "Manuel" herein), brings this action, against Defendants, Procollect, Inc. ("Procollect" herein), and John Does 1-25, collectively ("Defendants") and will show as follows:

**PRELIMINARY STATEMENT**

1. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), to obtain damages, and other relief for the Defendants' violations of the FDCPA in connection to the improper collection of time barred consumer debt without proper disclosure.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. §1391(b)(2) because the acts and transactions occurred in this district.

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

5. Plaintiff further suffered a concrete injury as a result of Defendants' violations contained herein.

6. Plaintiff further suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff.

## THE PARTIES

7. Plaintiff, Silvia Manuel F/K/A Silvia Carachure, is an individual who resides in a geographical area within the Austin Division of the Western District of Texas.

8. Defendant, Procollect, Inc., is a Texas Corporation and may be served with process by serving its registered agent for service of process, at the following address:

> John Bowdich
> 8150 N. Central Expy, Suite# 500
> Dallas, Texas 75206

9. Defendants, John Does 1-25, are fictitious names of individuals and businesses that Plaintiff alleges for the purpose of substituting names of defendants whose identities are unknown but may be disclosed in discovery and should be made parties to this action.

## FACTUAL ALLEGATIONS

10. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

11. Plaintiff incurred an alleged debt for goods and services for personal, family or household purposes, for certain medical treatment that she received from Famsa in connection with a furniture purchase for her household ("alleged debt" herein).

12. The alleged debt is a "debt" as that term is defined by §1692a(5) of the FDCPA.

13. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it subsequently went into default.

14. The alleged debt was subsequently transferred to Procollect, debt collector.

15. Procollect regularly collects or attempts to collect defaulted consumer debts by using the telephone and mails.

16. Procollect is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

17. On or about March 2, 2020, Procollect sent to Manuel a collection letter ("Letter A" and/or "Exhibit A" herein that is partially redacted in accordance with FRCP 5.2 ) whereby Procollect sought to collect a balance of $3718.12 regarding the alleged debt.

18. The language of Letter A contained language encouraged Plaintiff to pay the alleged debt with additional language that the debt had incurred a "collection fee".

19. On or about July 3, 2020, Procollect sent Manuel a 2nd letter ("Letter B" and/or "Exhibit B" herein that is partially redacted in accordance with FRCP 5.2) which offered to resolve the alleged debt for a 30% discount. The Letter B also created a sense of urgency by giving a deadline of 08/01/2020 to tender the reduced payment. The Letter B further indicated that "Procollect is under no obligation to honor this offer after it expires, do not delay."

20. Plaintiff has information and belief that the alleged debt that this the basis of Letter A and Letter B is time barred under Texas statute of limitations (Tex. Civ. Prac. & Rem. Code Ann. §16.004(a)(3)), which provides that a claim breach of contract must be brought not later than four years after the day the cause of action accrues.

21. Plaintiff has information and belief that the alleged debt that is the basis of Letter A and Letter B is from a retail installment contract that Manuel entered with FAMSA on or about April 11, 2014. Plaintiff has information and belief that the first payment was due on or before May 20, 2014 and that the last payment under the contract was due no later than December 31, 2015. Plaintiff further has information and belief that Plaintiff did not make any payment to FAMSA for the alleged debt after January 1, 2016.

22. Plaintiff alleges that Letter A and Letter B were false and misleading to the unsophisticated/least sophisticated consumer in so much as they failed to disclose in any way a) that the alleged debt was time barred debt and unenforceable, and b) that any partial payment could reinstate the applicable statute of limitations. *See Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. 2016).

23. Plaintiff further alleges that Letter B was further misleading to the extent that a) it created an urgency/deadline by which to respond to the offer of settlement, b) that it further stated that there was no further obligation to extend the offer and c) it stated that if the consumer could not pay the balance in full and wanted to make payment arrangements, "you *must* call our office by 08/1/2020"- thereby suggesting that the consumer had no choice to either pay in full or make payment arrangements.

24. Letter A and Letter B were both a "communication" as that term is defined in 15 U.S.C. §1692a(2).

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

26. **15 U.S.C. §1692(e)(2)(A) and (10) of the FDCPA provide as follows:**

    **FALSE OR MISLEADING REPRESENTATIONS**

    **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

    **(2) The false representation of—
       (A) the character, amount, or legal status of any debt;**

    **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

27. Defendants violated sections (2)(A) and (10) of 15 U.S.C. §1692e with Letter A and Letter B by seeking the collection and settlement of the alleged debt that was time barred under Texas statute of limitations a) without disclosing that the alleged debt was time barred and b) without disclosing that a partial payment on the time barred alleged debt could restart the statute of limitations.

28. Defendants further violated sections (2)(A) and (10) of 15 U.S.C. §1692e with Letter B by informing the Debtor that there was an urgency/ no obligation to renew the offer and that Plaintiff had to either pay the balance in full or enter into payment arrangements.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

30. **15 U.S.C. §1692(f) of the FDCPA provides as follows:**

**UNFAIR PRACTICES**

**(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

31. Plaintiff alleges in the alternative that to the extent that Letter A and Letter B do not violate sections (2)(A) and (10) of 15 U.S.C. §1692e, both letters constituted unfair practices in so much as they each used unfair and unconscionable means to collect a time barred debt without disclosing the debt is time barred and unenforceable and without warning the Plaintiff of the danger of a partial payment reinstating the statute of limitations.

## REQUEST FOR ATTORNEYS' FEES

32. Plaintiff seeks reasonable attorneys' fees as per the FDCPA and any other statutory or common law basis.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby demands a trial by jury.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Silvia Manuel F/K/A Silvia Carachure, prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, as follows:

a. The Court award Plaintiff actual and additional/statutory damages pursuant to 15 U.S.C. §1692(k)(a)(1) and (a)(2);

b. The Court award Plaintiff, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

c. The Court award Plaintiff, prejudgment and post judgment interest as allowed by law;

d. The Court grant Plaintiff, such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com

*Attorney for Plaintiff*